1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

11  PETER M. BERGNA,                          )
                                             )
12        Petitioner,                        )         3:10-cv-00389-RCJ-WGC
                                             )
13  vs.                                      )
                                             )         **ORDER**
14  JAMES BENEDETTI, *et al.*,               )
                                             )
15        Respondents.                       )
    _____/

16

17        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,

18  a state prisoner, is proceeding with representation of counsel.  Before the court is respondents'

19  motion to dismiss.  (ECF No. 32.)  Petitioner has opposed the motion (ECF No. 35), and respondents

20  have replied (ECF No. 38).

21  **I.    Procedural History and Background**

22        On November 15, 2000, the State of Nevada filed an indictment in the Second Judicial

23  District Court for the State of Nevada ("District Court") charging petitioner, Peter Matthew Bergna,

24  with one count of murder.   (Exhibits to First Am. Pet. Ex. 1.)[1]  A jury trial commenced on October

25

26        [1]   The exhibits referenced in this order are located at ECF Nos. 14-27, and 36, which were filed
    in support of petitioner's first amended petition and his opposition to the motion to dismiss.

1  1, 2001, and ended in a mistrial on November 20, 2001.  (*Id.* Ex. 2 at 16-60.)

2    The state elected to retry petitioner and a second jury trial commenced on May 6, 2002.  (*Id.*

3  Ex. 109.)  On June 19, 2002, the jury returned a verdict finding petitioner guilty of murder in the first

4  degree.  (*Id.* Ex. 208.)  Petitioner was sentenced to life imprisonment with the possibility of parole

5  after 20 years. (*Id.* Ex. 210.)  The District Court issued its judgment of conviction on October 28,

6  2002. (*Id.* Ex. 230.)  Petitioner appealed.  (*Id.* at 233.)  On December 20, 2004, the Nevada Supreme

7  Court affirmed petitioner's conviction.  (*Id.* Ex. 254.)

8    On March 24, 2006, petitioner filed a post-conviction petition in state District Court.  (*Id.* Ex.

9  264.)  The District Court denied claims 1 through 18 on August 8, 2007, and set an evidentiary

10  hearing on claims 19 and 20. (*Id.* Ex. 274.)  On October 31, 2007, and November 1, 2007, the

11  District Court held an evidentiary hearing.  (*Id.* Exs. 276-277.)  The District Court denied post-

12  conviction relief on August 1, 2008.  (*Id.* Ex. 283.)  Petitioner appealed the District Court's denial of

13  his petition.  (*Id.* Ex. 285.)  On June 10, 2010, the Nevada Supreme Court affirmed the District

14  Court's denial of petitioner's post-conviction petition.  (*Id.* Ex. 297.)  Remittitur issued on July 14,

15  2010.  (*Id.* Ex. 298.)

16    Petitioner dispatched his federal petition for writ of habeas corpus to this court on June 24,

17  2010.  (ECF No. 1.)  On September 30, 2010, petitioner filed an "amended" petition for writ of

18  habeas corpus (ECF No. 7), however, petitioner later clarified that he intended this document to

19  supplement, rather than supplant, his original petition (ECF No. 8).  On October 19, 2010, the court

20  appointed the Federal Public Defender for the District of Nevada to represent petitioner.  (ECF No.

21  9.)  On July 11, 2011, through counsel, petitioner filed his first amended petition.  (ECF No. 13.)

22  **II.**  **Discussion**

23    Respondents move to dismiss grounds 1, 3, and 4 of the first amended petition as

24  procedurally defaulted.  Respondents move to dismiss grounds 7, 8(B), and 9 of the first amended

25

26

1    petition as unexhausted.[2]

2         A.  Procedural Default

3         "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

4    state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

5    A federal court will not review a claim for habeas corpus relief if the decision of the state court

6    regarding that claim rested on a state law ground that is independent of the federal question and

7    adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

8         The *Coleman* Court stated the effect of a procedural default, as follows:

9              In all cases in which a state prisoner has defaulted his federal claims in
              state court pursuant to an independent and adequate state procedural
10             rule, federal habeas review of the claims is barred unless the prisoner
              can demonstrate cause for the default and actual prejudice as a result of
11             the alleged violation of federal law, or demonstrate that failure to
              consider the claims will result in a fundamental miscarriage of justice.
12
     *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural
13
     default doctrine ensures that the state's interest in correcting its own mistakes is respected in all
14
     federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).
15
          To demonstrate cause for a procedural default, the petitioner must be able to "show that some
16
     *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.
17
     *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have
18
     prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).
19
     Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.
20
     *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause
21
     requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented
22
     to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance
23
     of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v.*
24
     *Carpenter*, 529 U.S. 446, 453 (2000).  With respect to the prejudice prong of cause and prejudice,
25

26         [2]  Initially, respondents also moved to dismiss grounds 9 and 10 as untimely.  (Mot. to Dismiss
     at 15.)  However, respondents later withdrew that argument.  (Reply to Mot. to Dismiss at 15.)

1    the petitioner bears:

2            the burden of showing not merely that the errors [complained of]
             constituted a possibility of prejudice, but that they worked to his actual
3            and substantial disadvantage, infecting his entire [proceeding] with
             errors of constitutional dimension.
4
     *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170
5
     (1982)).  If the petitioner fails to show cause, the court need not consider whether the petitioner
6
     suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d
7
     528, 530 n.3 (9th Cir. 1988).
8
             Respondents argue that grounds 1, 3, and 4 are procedurally defaulted because in affirming
9
     the District Court's denial of post-conviction relief, the Nevada Supreme Court concluded that these
10
     claims were barred pursuant to Nev. Rev. Stat. § 34.810(1)(b).
11
             In ground 1, petitioner claims that the state failed to prove that his wife died as a result of a
12
     criminal act rather than as a result of an accident in violation of his right to due process under the
13
     Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
14
             In ground 3, petitioner claims that the jury that considered his case was not selected in a fair
15
     manner and that several jurors were biased against him due to prior exposure to the case in violation
16
     of his right to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States
17
     Constitution.
18
             In ground 4, petitioner claims that the District Court manifested bias throughout the trial in
19
     violation of his right to due process under the Fifth, Sixth, and Fourteenth Amendments to the
20
     United States Constitution.
21
             Petitioner raised the claims in federal grounds 1, 3, and 4 on appeal from the denial of his
22
     post-conviction petition.  (Exhibits to First Am. Pet. Ex. 264 at 11-98.)  In affirming the District
23
     Court's denial of petitioner's post-conviction petition, the Nevada Supreme Court concluded that
24
     "[t]o the extent that appellant has raised any of the underlying claims independently from his
25
     ineffective assistance of counsel claims, we concluded that they are waived because they could have
26
     been raised on direct appeal, and appellant failed to demonstrate good cause for his failure to do so.

                                                   4

1    <u>See</u> NRS 34.810(1)(b)."  (Exhibits to Third Am. Pet. Ex. 297 at 9 n.2.) (citations omitted).   The

2    Nevada Supreme Court explicitly relied on Nev. Rev. Stat. § 34.810 as a procedural bar when it

3    declined to review the claim.  (*Id.*).  The Ninth Circuit Court of Appeals has held that, at least in

4    non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 –

5    is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir.

6    2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  Therefore, this court finds

7    that the Nevada Supreme Court's holding that the claims corresponding to federal grounds 1, 3, and

8    4 are procedurally barred under Nev. Rev. Stat. § 34.810(1)(b) was an independent and adequate

9    ground for the court's dismissal.

10            As discussed above, if a claim is procedurally defaulted, federal habeas review of the claim is

11    barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of

12    the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

13    fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.

14            Petitioner argues that the ineffective assistance of his trial and appellate counsel in failing to

15    raise the claims corresponding to federal grounds 1, 3, and 4 constitutes cause and prejudice to

16    excuse his procedural default. Ineffective assistance of counsel may satisfy the cause requirement to

17    overcome a procedural default.  *Murray*, 477 U.S. at 488.

18            Additionally, petitioner argues that the court's failure to consider grounds 1, 3, and 4  will

19    result in a fundamental miscarriage of justice.  A petitioner can avoid the application of the

20    procedural default doctrine by demonstrating that the federal court's failure to consider his claims

21    will result in a fundamental miscarriage of justice.  To prove a "fundamental miscarriage of justice,"

22    petitioner must show that the constitutional error of which he complains "has probably resulted in

23    the conviction of one who is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998)

24    (citing *Murray*, 477 U.S. at 496).  "Actual innocence" is established when, in light of all of the

25    evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]."

26    *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

1    "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United*

2    *States*, 523 U.S. at 623.  Petitioner can make a showing of "actual innocence" by presenting the court

3    with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the

4    trial." *Schlup v. Delo*, 513 U.S. at 324.  In *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004), the United

5    States Supreme Court held that "a federal court faced with allegations of actual innocence, whether

6    of the sentence or of the crime charged, must first address all nondefaulted claims for comparable

7    relief and other grounds for cause to excuse the procedural default."

8         Here, the court has determined that the analysis of the cause-and-prejudice and fundamental-

9    miscarriage-of-justice issues argued by petitioner with respect to grounds 1, 3, and 4 are closely

10   related to the analysis on the substantive merits of the petition.   Therefore, the court will defer ruling

11   on the cause-and-prejudice and fundamental-miscarriage-of-justice issues until the merits of the

12   petition are fully briefed.   Respondents and petitioner shall address the procedural default of

13   grounds 1, 3, and 4 in the answer and reply brief.

14        B.  Exhaustion

15        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

16   exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

17   U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

18   claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

19   838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains

20   unexhausted until the petitioner has given the highest available state court the opportunity to

21   consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

22   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

23        A habeas petitioner must "present the state courts with the same claim he urges upon the

24   federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications

25   of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

26   *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To

achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

Here, respondents argue that because petitioner asserts a claim in his federal petition that his appellate counsel failed to federalize the claims in grounds 7, 8(B), and 9, they are unexhausted. Additionally, respondents argue that petitioner failed to exhaust these claims by citing to state cases because he did not alert the court to the presence of a federal claim.

As an initial matter, the court rejecst respondents' first argument.  As noted by petitioner, under Rule 11 of the Rule Governing Section 2254 Cases, the Federal Rules of Civil Procedure are applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules.

1   *Morrison v. Mahoney*, 399 F.3d 1042, 1046 n.5 (9th Cir. 2005).   Pursuant to Fed. R. Civ. P. 8(d),

2   "[a] party may state as many separate claims or defenses as it has, regardless of consistency."

3                     1.  Ground 7

4          In ground 7, petitioner claims that the District Court erred in failing to dismiss the indictment

5   based upon the state's destruction of exculpatory evidence in violation of his rights to a fair trial and

6   due process of law under the Fifth, Sixth, and Fourteenth Amendments to the United States

7   Constitution.

8          In addressing this claim on direct appeal, the Nevada Supreme Court used, in part, the

9   following legal standard: "Loss or destruction of evidence by the State violates due process 'only if

10  the defendant shows either that the State acted in bad faith or that the defendant suffered undue

11  prejudice and the exculpatory value of the evidence was apparent before it was lost or destroyed.'"

12  (Exhibits to First Am. Pet. Ex. 254 at 13-14.)  The Nevada Supreme Court cited to *Daniel v. State*,

13  78 P.3d 890, 908 (Nev. 2003), quoting *Leonard v. State*, 17 P.3d 397, 407 (2002), in support of its

14  standard.  *Daniel* and *Leonard* are part of the Nevada Supreme Court's body of law applying *Arizona*

15  *v. Youngblood*, 488 U.S. 51 (1988)—a United States Supreme Court case establishing the

16  requirements for a defendant to show a due process violation under the Fourteenth Amendment to

17  the United States Constitution resulting from the state's failure to preserve evidence.

18         Even if a petitioner fails to raise a constitutional issue in a manner which a reviewing court

19  would otherwise deem sufficient, the claim is exhausted where the state court actually considered

20  and decided the issue on its own.  *Sandgathe v. Maass*, 314 F.3d 371, 376-377 (9th Cir. 2002).

21  "Where a court has in fact ruled on a claim, there is no possibility of friction between the state and

22  federal court system caused by the unseemliness of a federal district court's overturning a state court

23  conviction without the state court's having had an opportunity to correct the constitutional violation

24  in the first instance."  *Id*. (internal quotation marks and citation omitted).  In this case, the Nevada

25  Supreme Court analyzed the claim petitioner asserts in ground 7 in this court under the legal

26  framework of "due process" by citing to state cases applying a federal constitutional standard.  The

1  Nevada Supreme Court addressed the constitutional violation in the first instance, and thus, ground 7

2  is exhausted.

3              2.  Ground 8(B)

4              In ground 8(B), petitioner claims that the District Court's failure to give an instruction on

5  proximate cause violated his constitutional rights to a fair trial and due process under the Fifth,

6  Sixth, and Fourteenth Amendments to the United States Constitution.

7              The court concludes that ground 8(B) is exhausted.  In his opening brief on direct appeal

8  petitioner argued, in part, the following: "The failure to instruct the jury accurately about the

9  essential elements of the charged offenses constitutes constitutional, reversible error."  (Exhibits to

10  First Am. Pet. Ex. 236 at 69.)  In support if his argument petitioner cited to *Rossana v. State*, 934

11  P.2d 1045 (Nev. 1997) and noted that *Rossana* cited to *United States v. Caldwell*, 989 F.2d 1056,

12  1061 (9th Cr. 1993).  *Rossana* holds that failing to instruct the jury about essential elements of a

13  crime is erroneous and violates a defendant's due process rights under the Sixth Amendment of the

14  United States Constitution because the jury may convict the defendant without finding him or her

15  guilty of a necessary element of the crime.  *Rossana*, 934 P.2d at 1050.

16              A petitioner must alert the state court that his claim rests on the federal constitution.  *Howell*

17  *v. Mississippi*, 543 U.S. 440, 443-44 (2005) (per curiam); *Fields v. Waddington*, 401 F.3d 1018,

18  1020-21 (9th Cir. 2005).  To do so, the petitioner "must make reference to provisions of the federal

19  constitution or must cite either federal or state case law that engages in a federal constitutional

20  analysis." *Fields*, 401 F.3d at 1021 (citations omitted); *see also Howell*, 543 U.S. at 443-44 (findng

21  a claim unexhausted where petitioner's state court petition did not cite the constitution or any cases

22  directly construing the constitution); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010)

23  (concluding that a petitioner must reference a specific provision of the federal constitution or federal

24  case law and provide statement of facts that entitle him to relief ); *Peterson v. Lampert*, 319 F.3d

25  1153, 1157-58 (9th Cir. 2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case

26  analyzing a federal constitutional issue serves the same purpose as a citation to a federal case

analyzing such an issue."). The mere mention of the constitution as a whole, or broad constitutional principles such as "due process" and the right to a fair trial, is insufficient to exhaust when it is detached from an underlying federal legal theory. *Fields*, 401 F.3d at 1021. Here, petitioner indicated that he was raising a constitutional claim and cited to a Nevada case analyzing the federal constitutional claim within a legal argument addressing the error resulting from the lack of a proximate cause instruction. Thus, ground 8(B) is exhausted because petitioner fairly presented the claim on direct appeal to the Nevada Supreme Court.

### 3.  Ground 9

In ground 9, petitioner claims that the admission of lay witness opinions violated his constitutional rights to a fair trial and due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The court concludes that ground 9 is unexhausted.   In his opening brief on direct appeal petitioner argued that the admission of opinion testimony was error.  (Exhibits to First Am. Pet. Ex. 236 at 48-53.)  However, petitioner did not indicate at any time that he was raising a federal constitutional claim, nor did he cite to a case analyzing the federal constitutional claim.  The only case to which petitioner cited that even mentions the federal constitution is *State v. Farr-Lenzini*, 970 P.2d 313 (Wash. App. 1999).  *Farr-Lenzini* states, in part: "Because it is the jury's responsibility to determine the defendant's guilt or innocence, no witness, lay or expert, may opine as to the defendant's guilty, whether by direct statement or by inference. [citations].  Such an interference would invade the jury's independent determination of the facts and violate the defendant's constitutional right. [citations]." *Farr-Lenzini*, 970 P.2d at 318.  The *Farr-Lenzini* court goes on to analyze whether it was proper to admit certain opinion testimony, but the court does not clearly indicate that it is determining whether there was a violation under the federal or state constitution, and the court cites only to state law in its analysis. *Id*. at 318-321.  Therefore, petitioner failed to adequately alert the Nevada Supreme Court that he was raising a federal claim.  Accordingly, this court concludes that petitioner failed to fairly present the federal claim in ground 9 to the Nevada

1   Supreme Court and, therefore, ground 9 is unexhausted.

2   **III.  Petitioner's Options Regarding Unexhausted Claims**

3        A federal court may not entertain a habeas petition unless the petitioner has exhausted

4   available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*,

5   455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is

6   subject to dismissal.  *Id.*  In the instant case, the court finds ground 9 to be unexhausted.

7   Because the court finds that the petition is a "mixed petition," containing both exhausted and

8   unexhausted claims, petitioner has these options:

9           1.    He may submit a sworn declaration voluntarily abandoning the unexhausted
10                 claims in his federal habeas petition, and proceed only on the exhausted
                   claims;

11           2.    He may return to state court to exhaust his unexhausted claims, in which case
12                 his federal habeas petition will be denied without prejudice; or

13           3.    He may file a motion asking this court to stay and abey his exhausted federal
                habeas claims while he returns to state court to exhaust his unexhausted
                claims.

14   *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*,
15   315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

16        Petitioner's failure to choose any of the three options listed above, or seek other appropriate

17   relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is advised

18   to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28

19   U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

20   choice he makes regarding his petition.

21   **IV.  Conclusion**

22        **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 32) is

23   **GRANTED in part and DENIED in part.**  Grounds 7 and 8(B) are exhausted.  Ground 9 is

24   unexhausted.  The court defers ruling on the procedural default of grounds 1, 3, and 4 at this time.

25   Respondents and petitioner shall brief the procedural default of grounds 1, 3, and 4 in the answer and

26   reply.

1    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)**

2    inform this court in a sworn declaration that he wishes to formally and forever abandon the

3    unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds;

4    **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without

5    prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for

6    a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to

7    state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and

8    abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in

9    Local Rule 7-2.

10    **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds,

11    respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

12    abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer

13    shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and

14    shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts

15    under 28 U.S.C. §2254.

16    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service

17    of respondents' answer in which to file a reply.

18    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

19    permitted, this case may be dismissed.

20    Dated this 21st day of September, 2012.

21

22

23    _____
      UNITED STATES DISTRICT JUDGE

24

25

26

12