# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER M. BERGNA,

    *Petitioner*,

vs.

JAMES BENEDETTI, *et al.*

    *Respondents*.

3:10-cv-00389-RCJ-WGC

ORDER

This represented habeas matter comes before the Court on respondents' motion (#46) to disqualify petitioner's appointed counsel.

### *Background*

Petitioner Peter Bergna challenges his 2002 Nevada state conviction, pursuant to a jury verdict, of first-degree murder. He is serving a sentence of life with the possibility of parole after twenty years. He challenged the conviction on direct appeal and on state post-conviction review.

JoNell Thomas represented Bergna as retained counsel in the post-conviction proceedings in the state district court. Thomas represented Bergna from before the March 24, 2006, filing of the counseled state petition through the August 8, 2008, state district court order denying relief. She withdrew as counsel following the decision. The state district court initially appointed replacement counsel to represent Bergna on the state post-conviction appeal. The state supreme court order of affirmance reflects, however, that he refused representation on the appeal and instead proceeded *pro se*.

Petitioner's current federal habeas counsel, Megan Hoffman, was directly employed by JoNell Thomas from approximately September 2005 through August 2007. Hoffman was employed first as a law clerk from approximately September 2005 until May 2006. Following her admission to the bar in May 2006, she thereafter worked as an associate attorney until she was hired as an Assistant Federal Public Defender in August 2007. As discussed further, below, however, Hoffman continued to assist Thomas – and thereafter Bergna directly – in a manner relevant to this case after August 2007.

Hoffman assisted Thomas on Bergna's state post-conviction case as a law clerk, as an associate attorney, and also as an ex-employee after moving on to the Federal Public Defender. Counsel attests in her declaration (#51-1) that: (a) as a law clerk, she assisted Thomas in the preparation and filing of Bergna's March 24, 2006, state petition, along with conducting file review and research on the case; (b) in connection with the preparation of Bergna's state petition, she also reviewed newspaper articles and television reports on the case, thereafter preparing and executing an affidavit reflecting what she had observed in the media reports; (c) after becoming an attorney, she continued to assist Thomas on Bergna's pending state petition, conducting research and file review; and (d) she assisted Thomas at the October 2007 evidentiary hearing on Bergna's state petition, which was conducted only a short time after Hoffman had left Thomas' employ for the Federal Public Defender. With respect to the state court evidentiary hearing, counsel attests that her "role was limited to locating and organizing exhibits for Ms. Thomas, and to handling Mr. Bergna's questions." She attests that she did not question any witnesses or make any strategy decisions.

Counsel further attests that, following her attendance at the October 2007 evidentiary hearing, she "occasionally heard from Mr. Bergna via letter or telephone call," with those contacts increasing "in June of 2010, as Mr. Bergna prepared to file his pro se federal habeas petition."

In the present action, the Court granted the Federal Public Defender's motion to be appointed as counsel on October 19, 2010. The Court's action was based – against the backdrop of the law at that time – in part upon current counsel's familiarity with the case.

1  Subsequently, however, on March 20, 2012, the United States Supreme Court issued
2  its decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  In *Martinez*, the Court held that
3  inadequate assistance of counsel in initial-review collateral proceedings – such as, for
4  example, a state post-conviction proceeding in a state district court – may establish cause for
5  a petitioner's failure to pursue a claim of ineffective assistance of trial counsel in such
6  proceedings.

### *Discussion*

Following *Martinez*, there in truth can be no dispute that petitioner currently does not have conflict-free counsel.  Following *Martinez*, competent federal habeas counsel would review the state proceedings to determine whether there were (a) possible additional claims of ineffective assistance of trial counsel that (b) were not pursued by state post-conviction counsel through inadequate assistance.  Following *Martinez*, current counsel thus is placed in a position of having to review the performance of a state post-conviction litigation team on which she worked – including as an attorney – to determine whether the team inadequately failed to raise additional claims of ineffective assistance of trial counsel.  The fact that no such additional claims currently are raised in the current pleadings wholly begs the question.  Current counsel is under an obligation under *Martinez* to conduct such review, and she has a conflict of interest when doing so.  That conflict of interest is real, actual and current.[1]

---

[1] Counsel's arguments to the contrary are unpersuasive.  Counsel's efforts also to minimize her role in the state proceedings beg the question and are unpersuasive.  The Court in particular is hard pressed to believe that an attorney who filed a 137-page counseled amended petition in this matter – and who arguably represents the epitome of thoroughness in her filings in this district – merely was handing up exhibits and answering superficial questions by the client at the state post-conviction hearing without any involvement of substance.  Indeed, the very *raison d'être* for counsel being pulled back into the case even after moving on to the Federal Public Defender no doubt was due to the impossibility of finding an associate who could be as well and intimately versed in the case in the short interval before the state evidentiary hearing.  Moreover, Bergna still was looking to Hoffman – whether formally enrolled as his counsel as not – for legal counsel thereafter.  The declaration does not negate the likely prospect that Bergna was looking to Hoffman for legal counsel between the October 2007 evidentiary hearing and the August 2008 state district court decision – and thus during the initial review collateral proceeding for purposes of *Martinez*.  Counsel attests that she "occasionally" heard from Bergna during the overall period following the evidentiary hearing, with the contacts "increasing" in June 2010 as he prepared to file a federal petition following the conclusion of the state post-conviction appeal.  In all events, however, counsel's efforts to minimize her involvement simply beg the question.

Counsel suggests the following remedy for the conflict premised upon her prior representation:

> Mr. Bergna therefore respectfully requests that this Court:
>
> (1) appoint counsel to consult with Mr. Bergna regarding the issues raised in Respondents' motion to disqualify counsel; and/or
>
> (2) hold a telephonic, ex parte conference with undersigned counsel and Mr. Bergna to determine whether Mr. Bergna can execute a voluntary, knowing and intelligent waiver any potential conflict in this matter.
>
> Should this Court determine that Mr. Bergna cannot execute a voluntary, knowing, and intelligent waiver of any potential conflict in this matter, Mr. Bergna respectfully requests that this Court appoint new counsel to represent him in this case. This Court has already recognized that appointment is appropriate in this case given the "relatively complex petition" and because "Petitioner faces a lengthy sentence." . . . .

#51, at 4.

The counseled amended petition in this case is 137 pages long. There further are 298 state court record exhibits, many of which themselves consist of numerous sub-exhibits, as many as 69 sub-exhibits. The index of exhibits for the 298 exhibits itself runs for 28 pages.

It would take a panel attorney a prohibitive number of months to become sufficiently conversant with the file to competently advise petitioner regarding the conflict. More time thereafter would be involved in setting the matter on the Court's heavy calendar to conduct the proceeding proposed. If, at the conclusion of that proceeding, the Court ultimately found that petitioner had not executed a knowing, voluntary and intelligent waiver of the conflict, then a substantial number of months would be required for replacement counsel thereafter to more thoroughly investigate the matter and possibly present additional claims.

The more prudent, expedient and efficient course – and the one most in the interests of justice under 18 U.S.C. § 3006A(c)[2] – would be to appoint substitute counsel now.

---

[2] Under 18 U.S.C. § 3006A(c), "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." Petitioner does not have a right to have one appointed counsel over another. A possibly invalid waiver thus is not a necessary precondition to a substitution order.

Finally, the Court is not persuaded that any different action is appropriate merely because respondents did not raise the issue until nearly a year after *Martinez*. The responsibility for addressing the conflict of interest ultimately rests with petitioner's counsel in the first instance. Here, the assumptions that the Federal Public Defender – as well as this Court – proceeded on regarding the propriety of the representation were overtaken by a subsequent event, *Martinez*. The Federal Public Defender simply is going to have to take the implications of *Martinez* into account in conflict review going forward, including with regard to currently pending cases.[3]

IT THEREFORE IS ORDERED that respondents' motion (#46) to disqualify petitioner's counsel is GRANTED and that the appointment of the Federal Public Defender, appearing through Megan Hoffman, Esq., is VACATED.

The Clerk of Court shall forward this order to the CJA Coordinator for this Division. The CJA Coordinator shall identify a replacement panel attorney and forward their name and address to the *pro se* law clerk assigned to the file, who thereafter shall forward a draft appointment and scheduling order for the Court's review.[4]

DATED:   July 9, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[3] The Court does not reach any issue as to whether the prospect that counsel potentially might be called as a witness also might provide a basis for disqualification.

[4] For the sake of expediency, the Court will allow replacement counsel the option, following a conflict-free review, of incorporating the current amended petition (#13) and exhibits by reference in whole or in part in any additional pleadings filed, the normal operation otherwise of Local Rule LR 15-1(a) notwithstanding.